## W. L. FENN *v.* ELIZA HOLMES.

The wife is liable for a promissory note given by her, with the authorization of her husband, for the board of herself and children, when it is shown the husband had no property. C. C. 2409.

Where the plaintiff sues the wife on a promissory note signed by her, alleging generally her liability, he will be permitted to show that the note was for the support of the wife and children, and that the husband had no property.

APPEAL from the District Court of East Baton Rouge, *Burk,* J. This action was brought on a promissory note in the following words: "Baton Rouge, February 27th, 1845. In all the month of March next, I promise to pay to the order of *W. L. Fenn,* $307 39 with eight per cent interest from date till paid, for value received. (Signed) ELIZA HOLMES, B. S. HOLMES."

FENN
v.
HOLMES.

*Andrew Herron*, for plaintiff. *J. M. Brunot*, for defendant. The judgment of the court was pronounced by

Rost, J. The defendant, who is separated in property from her husband, was sued upon a promissory note alleged by the plaintiff to have been subscribed by her in payment of board for herself, family and servants. The petition alleges in general terms the liability of the defendant upon said note. The defendant denies her liability, on the ground that at the time she gave the note she was a married woman, under the control of her husband; and that the consideration of said note was a thing which her husband was bound to furnish her. She has appealed from the judgment rendered against her on that issue.

During the trial in the court below, the plaintiff offered witnesses to prove that at the time the note was given the defendant's husband was in necessitous circumstances, and without any visible means. This evidence was opposed by the defendant, on the ground that the petition contained no allegation under which it could be admitted. The objection was overruled, and the defendant took a bill of exceptions. We are of opinion that there is no error in the ruling of the court.

The plaintiff has made a general allegation, that the defendant is personally bound for the note. If he fails in this suit he cannot renew it in another form, because the general ground of action he has taken includes all others he may have, and the judgment in this case would be *res judicata* against him in any other.

This being the only suit which the plaintiff can maintain upon the note, he ought to be permitted to adduce all the evidence in support of his claim, unless the generality and vagueness of his allegations concealed from the defendant the real purport of the suit, and the evidence offered under those allegations took him by surprise.

We are unable to perceive any intentional concealment on the part of the plaintiff, and we are satisfied, that the evidence objected to did not operate a surprise to the defendant. The record of separation between her and her husband had already been introduced in evidence without opposition from her. That record shows that she had obtained a judgment against her husband for $3398 05 with legal interest on a portion of it since 1839, and on the remainder since 1840. It further shows that $2000 only have been paid on this judgment by the sale of the husband's property. We are bound to presume that he had no other which could be seized, otherwise the judgment of separation would be void. This evidence, showing that the defendant's husband had no visible means, and the testimony offered to prove the same fact, could not have taken her by surprise. It being satisfactorily shown that her husband had no property, she was bound to support alone the expenses of her family. C. C. 2409.

We do not think, that the form of the note impairs her liability. She acknowledges it to be her own, and the signature of her husband was merely added as proof of authorization.

The board furnished, moreover, is proved to be worth the sum claimed; and no objection was made to the introduction of the evidence of its value.

The judgment is therefore affirmed, with costs.