### E. Hill & Co. v. W. Tippett and Wife.

Where the plaintiff brings his action against both husband and wife, and they appear and defend it, the authorization of the husband to his wife to take an appeal by motion will be inferred.

The statement of facts contemplated by articles 602 and 603 of the Code of Practice, must be made before the appeal is granted.

The wife is not bound for a proportion of the marriage charges under Articles 2366, 2409 of the Civil Code, unless she has reserved to herself the management of her paraphernal property, or unless there has been judgment of separation of property between herself and husband.

APPEAL from the District Court of Claiborne, *Drew*, J.

*Thomasson*, for plaintiffs.  *McGuire & Ray*, for defendant and appellant.

Buchanan, J.  In this case, judgment was rendered in the District Court in favor of plaintiffs against both defendants.

Mrs. *Tippett* alone has appealed.  There is a motion to dismiss the appeal on the grounds:

1st. That Mrs. *Tippett* has not been authorized by her husband to take the appeal.

2d. That the statement of facts appended to the record was made at a term of Court subsequent to the granting of the appeal.

Upon the first point, we are of opinion that the defendants having been both joined in this suit by plaintiffs and appellees, and having both appeared and defended the same, the authorization of the husband to his wife to take the appeal (which was by motion), must be inferred.  *Chiasson* v. *Duplantier*, 10 L. R. 574.

The second ground of the motion is well taken, and the statement of facts must be disregarded, not having been made before the appeal was granted.  C. P. 602, 603.

The appellant has, however, filed an assignment of errors appearing on the face of the record, within the delay accorded by Article 897, C. P.  Upon this she has a right to be heard before this Court.  The error assigned is, that the allegations of the petition did not warrant a judgment against this appellant.

The petition declares upon two notes signed by the defendant, *William Tippett*, and an account to the debit of the same.  It avers: "That said debts were all contracted in the State of Arkansas by defendants; that said *William Tippett* is the husband of the said *Julia Amanda*, and, as such, managed her business while in the State of Arkansas; that he is insolvent and irresponsible, having no property of his own that can be made liable for his debts; that the said *Julia Amanda*, his wife, has two negroes and other property which she claims as her separate property; that the consideration of the notes sued on, as well as the items of the account, is for family supplies, provisions, merchandize, &c., and that she, the said *Julia Amanda Tippett*, is liable for the same.  Petitioners further aver, that said defendants have not acquired a residence in this State, not having resided here twelve months."

This petition was filed January 13th, 1853.  The notes and account sued on, were due and payable the 1st January, 1852, more than a year before the institution of the suit.  From the averments of the petition, it appears then, that the contracts originated and matured in the State of Arkansas, all the parties being residents of said State.  Now, the counsel of plaintiffs argues that

Mrs. *Tippett* is liable for these debts contracted by her husband, under the peculiar provisions of the law of Louisiana, as contained in Articles 2366 and 2409 of the Civil Code. But it is contended that the obligations of the parties ought to be construed in reference to the law of Arkansas, which is understood to be the common law of England, except when altered by statute. We deem it unnecessary to go into an investigation of the subject of the wife's liabilities for the contracts of her husband at the common law ; because we do not think a case is presented by the pleadings, of liability on her part, even under the provisions of the Louisiana Code, relied upon by plaintiffs. For, neither is it alleged, that Mrs. *Tippett* has reserved to herself the management of her paraphernal property, (C. C. 2366,) but directly the contrary ; nor that there has been a judgment of separation of property between the defendants.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; and that there be judgment in favor of the defendant and appellant, Mrs. *Julia Amanda Tippett*, and against plaintiffs, as in case of nonsuit, with costs in both courts.