### LOBIT & CHARPENTIER *v.* C. HARMAN et al.

The husband is the head and master of tho community, and the debts which he contracts as a general rule enter into the community ; the cases in which the wife is bound are exceptional, and the party seeking to hold her responsible, must make the proof which renders her liable.

The mere fact that the goods furnished during the existence of the community are for the family use, does not, in general, render the wife liable, although the husband has no separate estate, and no other property except the revenues of the wife's property and his own industry, which fall into the community.

The wife is not responsible for supplies furnished to the husband for his own use, particularly when it is not shown that the revenues of the wife's property were not ample to pay the ordinary expenses of the family.

APPEAL from the District Court of the Parish of St. Landry, *Dupré*, J.

H. L. *Garland*, for plaintiffs.    J. E. *King*, for defendants and appellants.

MERRICK, C. J.    This suit is brought against a married woman not separated in property from her husband, for four hundred and fifteen dollars and forty-four cents, for bagging and rope, and the payment of a draft given for family supplies, groceries, &c.    The account of *Lobit & Charpentier* on file, is made out against *Andrus and wife*, though the business appears to have been conducted in his name.    The draft was for three hundred and fifty dollars, drawn by *Andrus* on the plaintiffs, in favor of *Carroll & Keogh*, at sight and paid.    To make the wife responsible for this draft, plaintiff shows that it was given in part payment of an account, which they had against *Andrus*, for provisions, &c., including articles which may be presumed to have been for the personal use of *Andrus*. The account was made by *Mrs. Andrus*, *Mr. Andrus*, and some of the children of *Mrs. Andrus*.

It is further proven, that *Andrus* had the administration of his wife's property and shipped her crops, contracted accounts, and that he had no property.

In the petition plaintiffs allege that " said *Andrus* was allowed by his said wife to administer her property ; to dispose of the revenues thereof; to receive and receipt for all sums of money due her ; and, generally, to transact all her business, approving and ratifying all that he did in her name."    And, " That by said conduct, she tacitly authorized the obligations entered into by her husband for her use, and left those with whom he contracted to believe that she would ratify and confirm whatever he would do for her use, and for her account, and that she would pay the contracts thus made with him.".

The testimony in the record is meagre and insufficient to charge the defendant with the items which were probably obtained for the personal use of the husband.

The husband is the head and master of the community, and the debts which he contracts, as a general rule, enter into the community.    C. C. 2372.    The cases in which the wife is bound are exceptional, and the party seeking to hold her responsible, must make the proof which renders her liable.

The *mere fact* that the goods furnished during the existence of the community are for the family use, does not, in general, render the wife liable, although the husband has no separate estate and no other property except the revenues of the wife's property and his own industry, which fall into the community.

The husband, being the head of the family as well as the community, is obliged

75

to provide for her a home, " and to furnish her with whatever is required for the conveniences of life, (tout ce qui est nécessaire pour les besoins de la vie) in proportion to his means and condition." C. C. 122, 2412 ; *Durnford* v. *Gross and wife,* 7 Mart. 489 ; *Brandigee* v. *Kerr and wife,* 7 N. S. 67 ; 9 An. 5 ; 10 Rob. 72 ; *Sewell et al.* v. *Cox.* See also case of *Laplante* v. *Briant,* ante 566.

The first exception to this general rule is contained in Articles 2366 and 2409, where the wife administers her separate estate. The present case does not come within this exception. Nor have we been cited to any other exceptional provision of law which will render the wife responsible for these supplies delivered the husband for his own use, particularly as it is not shown, that the revenues of defendant's plantation were not ample to pay the ordinary expenses of the family and plantation.

It is, therefore, ordered, adjudged and decreed, by the court, that the judgment of the lower court be avoided and reversed as to said defendant, *Catharine Harman ;* and it is now ordered that said plaintiffs recover of her, the said *Catherine Harman,* the sum of two hundred and eighty-one dollars and sixty-nine cents, with five per cent. interest per annum, on $56 69, from the fourth day of September, 1854, and the like interest on the sum of $225, from the 4th day of December, 1854, until paid. And it is further ordered, that the plaintiffs pay the costs of the appeal, and the defendant pay the costs of the lower court.