POWELL & HOPKINS v. MATILDA HOPSON.

Under a special contract to that effect, a commercial partnership will continue after the death of one of the partners, for the purpose of administration and liquidation, if not for all purposes.

The proceeding by attachment to collect a debt due to the firm, is one of administration only.

Where it is sought to make the wife personally liable for an account, no presumption of its correctness can be formed from the mere fact of its rendition to the husband, in whose name the account was kept, and no objection having been made on the part of the wife ; she cannot be charged except for such items as are shown to have inured to the benefit of her separate estate, or such expenses as under Art. 2409 C. C., she is bound to support alone.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *Mathews & McFee*, for plaintiffs. *McGuire & Ray*, for defendant and appellant.

MERRICK, C. J. This suit, which was commenced by attachment, was brought after the death of *R. W. Powell*, by the surviving partner, *Hopkins*, in the name of the firm. He claims the right so to do under the following clause in the articles of partnership, viz :

" In case of the death of either partner during the commercial year, that is to say, between the 1st of September and the 1st of September of two consecutive years, the business of the concern shall continue until the close of the then commercial year, and the interest of the deceased partner shall be chargeable on the books of the concern a reasonable and just charge, not exceeding two thousand dollars per annum, until the end of the commercial year, viz, 1st of September ; at and after that time, the representatives of the deceased partner shall have all the privileges and powers of the deceased partner in regard to access to the books, papers, money, debts, effects and property of the concern ; to settle and liquidate, finally and provisionally, with the surviving partner, the interest of the deceased in the concern, and dissolve the partnership, but shall not interfere with the movement of the business, until the 1st of September next ensuing the death of the partner whose interest he represents."

The power of attorney to the attorneys *Mathews & McFee*, to sign the attachment bond, was executed 20th November, 1855, by *Hopkins*, on behalf of the firm. On the 15th December following, *Bourke*, applied for letters of administration on *Powell's* estate. They were granted in March, 1856, and this suit was commenced by the surviving partner in May, 1856. The proceeding to collect the debt by suit being one of administration only, we find less difficulty in coming to the conclusion that it ought to be maintained, than we should perhaps if it were some new business operation attempted under the articles of partnership. The Civil Code certainly contemplates the continuance of the partnership under a special contract, to that effect, for purposes of administration and liquidation, if not for all purposes. C. C. 2852, 2853, 1095, 1115, 1131, 1132.

If the power of attorney was executed before the death of *Powell*, as it ap-

pears to have been, it was sustained by the Articles of copartnership, and when the suit was instituted, there was an administrator to *Powell's* succession, and the suit may be deemed to have been commenced by the surviving partner as agent, on behalf of himself and the administrator. The motion to dissolve the attachment was, therefore, properly overruled.

The exception to the petition, that it was not sufficiently explicit in this, that it did not give the items of the account, was well taken and the objection has not been cured by the production of the invoices or the account of *Powell*, showing in what manner the balance of $263 93 was found. The account was kept in the name of defendant's husband and was rendered to him in that form. No presumption can, therefore, be formed of its correctness from the mere fact of its rendition without objection on the part of the wife. She cannot be charged, except for such items as are shown by the proof to have inured to the benefit of her separate estate, or such expenses, as under Article 2409 C. C., she is bound to support alone. In order to Judge of this, the invoices must be produced and the purposes for which the drafts were drawn, must be shown. We think justice requires that the case should be remanded for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court, as to said defendant, *Matilda Hopson,* be avoided and reversed ; and that this cause be remanded to the lower court for a new trial, as to the said *Matilda Hopson,* leave being granted to plaintiffs to amend their petition in conformity to the views herein expressed. And it is further ordered, that the plaintiffs pay the costs of the appeal.