No. 136.—St. Louis University v. Theophile Prudhomme and Wife.

*After a separation of property the wife is not bound for the debts of the husband which were cont acted before the separation, unless it is shown that the debt enured to her separate benefit or that of her separate property.*

*A debt for the support and education of the common offspring, contracted by the husband while he has the control and administration of the dotal property of the wife, cannot be enforced against the wife after she has resumed the administration of her separate estate by authority of a judgment of separation of property.*

APPEAL from the Ninth Judicial District Court, parish of Natchitoches. *Orsborn, J. Jack & Pierson,* for plaintiff and appellee, *S. M. Hyams,* for defendants and appellants.

Taliaferro, J. The plaintiff by its proper representative instituted this suit against the defendants to recover the sum of $961 98, the amount of an account which it is alleged the defendants owe the plaintiff for board, tuition, and incidental expenses of the defendants' son while a student of the institution during the year 1867, and part of the year 1863.

The husband in this case is a nominal party, the action being carried on mainly against the wife who is separate in property from her husband, the community that existed between them having been dissolved by the judgment of a competent court, which also decreed the husband to pay the wife the sum of $1902 63 for her dotal and paraphernal claims, with privilege and mortgage upon his property, and authorized her to administer her separate property. This judgment was rendered on the seventeenth of April, 1863. This suit was instituted on the twenty-third of July of the same year. The wife filed an exception, which was adopted as part of her answer, in which she sets up a general denial and especially avers that the debt sued on was contracted during the existence of the community between herself and husband, and that now, after the dissolution of the community, and in the enjoyment and administration of her separate property, she is not responsible for the payment of the community debts. Judgment was rendered in favor of the plaintiff for the amount claimed, and the defendant appealed.

Under the state of facts presented we have to inquire whether the wife is liable individually and out of her own means for the payment of the debt sued upon. The claim is for board and instruction of her son in the St. Louis University, including also physician's bills and the usual incidental expenses. The correctness of this claim is not disputed. It is a community debt, and under the general principle should be acquitted out of the community funds. Civil Code article 2372.

The article 243 of the Code provides that "fathers and mothers, by the very act of marriage, contract together the obligation of supporting, maintaining and educating their children." And it is provided by article 2409 that " the wife who has obtained the separation of property must contribute in proportion to her fortune and that of her husband both to the household expenses and to those of the education of their children. She is bound to support those expenses alone if there remains nothing to her husband."

There could, we think, be no doubt that the wife would be liable for a debt, of the character of the one sued upon, contracted after the dissolution of the community, and a decree authorizing the wife to administer her own property, if the husband were insolvent. Does the fact of the debt having been contracted during the existence of the community exonerate her? The father and the mother, as we have seen by reference to the article 243 of the Code, by the very act of marrying contract together the obligation of supporting, maintaining and educating their children. The very act of marriage also superinduces between the parties the community of acquets and gains, unless it should be otherwise stipulated by a matrimonial contract. This obligation upon both the spouses to defray the expenses of maintaining, supporting and educating their common offspring necessarily subsists during the continuance of the community, although the husband, being the head and master of that community, is prominently liable for all its debts. This mutuality of obligation continues after a separation of property, for article 2409 of the Code provides that " the wife who has obtained a separation of property must contribute in proportion to her fortune and that of her husband both to the household expenses and those of the education of their children." But it is contended in this case that the husband, having had during the continuance of the community the administration of the wife's dowry and of her paraphernal estate, and received the revenues of both, which should have been applied to the discharge of the expenses of the marriage, and having failed so to apply those funds to the purposes contemplated by law, the creditor holding claims of this character must look to the husband alone for payment.

In regard to the continuance during the community of the mutual obligation of the spouses to provide for their common offspring, as expressed by articles 243 and 2409 of the Code, it is fair to conclude

from the import of other articles that during the community the wife's part of the obligation is provided for in the case of a dowry by article 2329, which declares that "the income or proceeds of the dowry belong to the husband, and are intended to help him to support the charges of the matrimony, such as the maintenance of the husband and wife, that of their children and other expenses which the husband deems proper." In the case of the present defendant she had dotal property which was under the administration of her husband up to the time of the judgment of separation of property, and its revenues, it may be said, were contributed on her part during the community to defray the charges specified in the article just quoted. After a judgment of separation of property and a dissolution of the community she would seem to be absolved from the payment of the debt for which she is sued, as it was one contracted alone by the husband, exigible in part out of the revenues of her dotal estate, of which she had no control, and which we find no positive law requiring her to pay after a renunciation by her of the community and a decree separating her in property from her husband. This case differs from some other community debts which during the community and even subsequently the wife may be made liable for, where it is clearly shown that they inured to the separate benefit of herself or of her separate property. The cases of Dickerman v. Reagan, 2 An. 243, and 5 An. 125; 8 An. 512, cited by the plaintiff's counsel do not in our view cover the case before us.

We therefore order, adjudge and decree that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that judgment be rendered in favor of the defendant, the plaintiff and appellee paying costs in both courts.

---

HOWELL, J. I concur in the decree in this case on the ground *only*, that the defendant, Mrs. Prudhomme, is not liable, because the debt was created before she obtained a separation of property.