No. 2686.—MARIA T. TRUDEAU *v.* JULIA C. ROW et al.

A married woman is not personally liable on a note executed *in solido* with her husband, when at the time of its execution a community of acquets existed between her and her husband and the latter had the exclusive administration of her paraphernal property.

Where there is a community of acquets, and the husband has the exclusive administration of the paraphernal property of the wife, purchases made during the marriage fall into the community, and debts contracted, whether by the husband or the wife, are community debts, and must be discharged by the husband.

APPEAL from the Seventh Judicial District, parish of West Feliciana. *Miller, J.   W. D. Winter, Thomas Butlar* and *Collins & Leake*, for plaintiff and appellee. *Wickliffe & Fisher*, for defendants and appellants.

TALIAFERRO, J.   The defendant and her husband, John S. Row, are sued on a promissory note executed by them in favor of L. H. Trudeau or order for $1781 66, dated fifteenth April, 1867, and due first March, 1868.

Separate answers were filed. The wife denied specially that she is bound by her signature to the note, having signed it through error

and at the instance of her husband; that the consideration for which it was given, did not inure to her benefit individually nor to the benefit of her separate estate.

The husband's answer is a general denial, and an averment that the plaintiff is not the owner of the note sued on.

Judgment was rendered against Mrs. Row for $876 22, with eight per cent. interest from fifteenth April, 1867, until paid, and against John S. Row for the amount of the note, with the same interest from the same time. The wife alone appealed.

The indebtedness for which the note was given was for merchandise of various kinds, chiefly dry goods such as are usually required for the use of families. The goods were purchased by Row and wife indifferently, sometimes by the husband, at other times by the wife, and occasionally by both together. The accounts were kept in the name of the husband alone. The purchases were made from L. H. Trudeau, since deceased, who kept a store in the parish of West Baton Rouge, where the debt was contracted, which was made, on running accounts during parts of the years 1861 and 1862.

It appears that Mrs. Row and a sister of hers were the only heirs of their father, J. H. Collings, who owned a plantation on Poydras Bayou, in the parish of West Baton Rouge. Against the estate of Collings L. H. Trudeau had an account also, which amounted to $294 19. This entered into, and made a part of, the amount for which the note sued on was given. The plantation of J. H. Collings, after his decease, was in charge of a manager until Row and his family went upon it to reside, which was about February, 1862. They resided there until the close of that year. This place was under the control and administration of John C. Row, the husband, who ran the saw mill on the place in connection with another person. It is not shown that he owned any property or controlled any other than that belonging to his wife and her sister, derived to them from the succession of J. H. Collings.

The plaintiff's ownership of the note on which this suit is founded, is fully established. .

Under the state of facts shown by the record, we do not see how the plaintiff can recover against the wife. It is not alleged or shown that she is separate in property from her husband. Neither does it appear that she had the administration of her paraphernal property. On the contrary, it is established that the only property she owned was managed solely by her husband; the accounts of Trudeau were all made out in his name. In like manner, purchases of things not included in the accounts were made by him in his own name and on his own account; in one case, he purchased from Trudeau an engine boiler which was placed in the saw mill on the place on Bayou Poydras. It is well settled that in such cases debts, contracted in the manner these

were, are community debts, whether contracted by the husband or the wife, and that the husband is alone responsible for them. The case of Wyly *v.* Hunter, 2 An. 806, is very closely in point with the one under consideration; and so also is that of Scanlan *v.* Warinck, 10 An. 30; also Kelly *v.* Robertson, 10 Rob. 303; Civil Code, article 2412.

None of the articles entering into these accounts are shown to have been such as the husband was not bound to furnish, or that they went to the benefit of her separate estate. See 8 An. 512; 10 An. 554; 14 An. 169.

It is therefore ordered, adjudged and decreed that the judgment of the district court, so far as it relates to the defendant, Mrs. Julia C. Row, be annulled, avoided and reversed; that she be released from the obligation upon which the suit was brought; that the judgment, as rendered against her husband, John S. Row, remain undisturbed, and that the plaintiff and appellee pay costs of this appeal.