No. 628.

D. C. MORGAN VS. W. L. RICHMOND, SHERIFF, ET AL.

A few days after the bond, of which the ownership is in controversy, and which was executed in favor of Cox for property purchased at sheriff's sale, Cox sold and transferred said bond to plaintiff by a written act, to the knowledge of the sheriff, who was a witness to it. The sheriff was the depositary of Cox, and when Cox transferred the bond and notified the sheriff thereof, said sheriff held the bond for plaintiff, the transferee, from whom he received instructions in regard to said bond. There was constructive delivery, if not actual delivery, of the bond.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray, J. D. C. Morgan, in propriâ personâ. James Bussey,* for plaintiff and appellant. *Newton & Hall,* for defendant and appellee.

LUDELING, C. J. W. E. Riser, a judgment creditor of M. E. Cox, seized a twelve-months bond, as the property of Cox, and D. C. Morgan enjoined the sale, claiming to be the owner of the bond.

The only question in the case is the ownership of the bond. It appears from the record that W. E. Riser executed a twelve-months bond

in favor of M. E. Cox for property purchased at sheriff's sale; that a few days after the bond was executed Cox sold and transferred said bond to Morgan by a written act, which was proved up by the sheriff, Richmond, a witness to the transfer; that the bond was in the custody of the sheriff, whose costs were unpaid, and were included in the amount of the bond; that Morgan directed the sheriff to keep the bond, as he had costs due him in the case, till he should have a settlement of costs with him. The price fixed was four hundred and fifty dollars. Subsequent to this transfer, Riser, the maker of the bond, and the seizing creditor in this suit, called on Morgan and offered to buy the bond from him.

It is contended that there was no sale, because there was no price in money fixed, and that there was no delivery of the bond to Morgan. The price was fixed. It is four hundred and fifty dollars. Because a part of the price was a fee for professional services does not alter the fact that a price in money was fixed. And the same may be said of the balance of the price, which Morgan was to retain as a guarantee against loss by going on Cox's bail bond.

Richmond, the sheriff, was the depositary of Cox, and when Cox transferred the bond, and notified the sheriff thereof, he held the bond for Morgan, from whom he received instructions in regard to said bond. There was constructive delivery, if not actual delivery, of the bond. C. C. 2247.

It is therefore ordered and adjudged that the judgment of the lower court be avoided, and that there be judgment in favor of the plaintiff, decreeing him to be the owner of said bond, and that the injunction be perpetuated with costs in both courts.