No. 6973.

ACQUILLA McELVIN VS. MRS. ELIZABETH M. TAYLOR ET AL.

A wife separate in property from her husband, who is insolvent, is liable, not
merely for supplies furnished to her, either in person or to her son or husband,
and on her exclusive credit, for the use of her plantation, but also for household
expenses, and those for the education of her children. But she is not liable for
her husband's debts, or for items of indebtedness not contracted by her, and
which neither inured to her benefit, nor were legitimate household expenses.

A citation served on the husband, addressed to the husband and wife, is a good ser-
vice on the wife.

APPEAL from the Sixth Judicial District Court, parish of St. Helena.
Duncan, J.

· O. P. Amacker and Julius E. Wilson for plaintiff and appellee.

E. F. Russell & Lee and Jno. M. Bonner for defendant and appellant.

The opinion of the court was delivered by

SPENCER, J. This is an action by plaintiff on mortgage note for
twelve hundred dollars ($1200), made and executed by defendant, a mar-
ried woman, separated in property from her husband, by judgment of
court duly executed. The note was signed and executed with the
authorization of the husband, payable to I. W. Cutrer & Co., or bearer,
on or before the first of November, 1870, drawing eight per cent inter-
est after due, and dated May 28, 1870.

The note is secured by mortgage executed also with the authoriza-
tion of defendant's husband, on certain landed estate, fully described in
certified copy of act of mortgage annexed to plaintiff's petition.

The plaintiff avers in his petition that the consideration of this
note inured to the separate interest and benefit of the defendant, and
asks that there be judgment in his favor for amount of said note,
with interest and attorney's fees as set forth in the act of mortgage, and
that the land described therein be seized and sold to pay same, with
costs.                              .

The answer of Mrs. Elizabeth Taylor, defendant, admits her signa-
ture to the note sued on, but denies generally and specially each and
every allegation in plaintiff's petition, and specially denies that the con-
sideration of the note inured to her separate interest and benefit; also
pleads payment and prescription of three and five years.

The defendant being separate in property from her husband, who is
shown to be insolvent by the judgment and execution of the wife unsat-
isfied, and having the control and administration of her estate, was
capable with the authorization of the husband of contracting a debt for
supplies and cash advanced for her plantation, which is declared in the
act of mortgage to be the consideration of the note. She was, besides,
by the terms of articles 2435 and 2389 of the Civil Code bound "to con-

tribute in proportion to her fortune and that of her husband, both to the household expenses, and to those of the education of their children," and "if there remain nothing to the husband, she is bound to support those expenses alone."

The accounts of Cutrer & Co. with the defendant were offered in evidence, and, with the exceptions hereafter noticed, were sufficiently proven by Cutrer's and his clerk's testimony. The articles were such as would be needed on a plantation and in a family, and we have no doubt were received and used by the defendant in that way. True, the articles were not all delivered to her personally, but her son and husband received them and hauled them home. She had arranged with Cutrer & Co. for these goods, and they were sold entirely on her credit. It would be unreasonable to expect a retail merchant to follow up the goods and see that her son and husband did not divert them.

The accounts of Cutrer and Co. show to her debit............. $1738 96
To her credit ........................................... 480 20

Leaving balance ........................................ $1258 76

In this account there is included a sum of $523 40, paid on account of certain notes of defendant and husband given, in 1867, to T. G. Davidson, before the judgment of separation. The evidence satisfies us that these notes were for the debts of the husband. The account also includes $12 paid to Lea, $7 88 to Human, and $26 to the husband; also $12 difference in exchanging a pistol with defendant's son. These items were, we think, not proven to have been paid by her order, or to have been for her benefit, or such as she ought to have been responsible for. They amount in the aggregate to $581 28. Deducting which sum from $1258 76 leaves amount due by defendant, $677 48. The district court gave judgment for $1113, with eight per cent interest from maturity of note, November 1, 1870, with five per cent attorney's fees and recognition of mortgage. The amount of the judgment should have been, we think, $677 48.

As regards defendant's plea of three and five years' prescription, we think it is not good. The suit is upon a note maturing November 1-4, 1870, and not on the account. This suit was filed February 23, 1875. The testimony shows that the original citations were lost, but that they were made out by the clerk, *addressed each to the wife and husband*, and one served on the husband in February, or early in March, 1875. One was also evidently served on the wife, for on November 2, 1875, two days before prescription would have accrued on the note, she filed a motion to dismiss the suit because the citation served on her did not have the seal of the court to it. The court sustained her motion so far as to order a new citation to the wife. It is unnecessary for us to decide

McElvin vs. Taylor.

what interruptive effect would result from a citation without a seal, since the evidence shows clearly that in February or March, 1875, a citation addressed to the wife and husband was served on the husband in person. This was a good service on the wife. C. P. 192.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by reducing the principal thereof from $1113 to $677 48; interest and attorney's fees to be be collected on this last amount, and that, as so amended, said judgment be affirmed. Costs of appeal to be paid by plaintiff, and those below by defendant.