Statement of the Case.
NICHOLLS, J.
Plaintiff, wife of Morris Ginsberg, has appealed from a judgment of the district court rejecting her claim to a homestead upon certain property described in her petition.
On the trial of the ease the following admissions were made:
(1)That Mrs. Ginsberg is duly separated in property from her husband by virtue of judgment of First judicial district court.
(2) That she has seven minor children.
(3) That her husband has no property in his own name.
(4) That the wife has no property other than the store, house, and lot in question, one horse and buggy, one wagon, one piano, used for her family, and one cow and calf.
(5) That she and her family moved into the said store about October 1, 1904, and have since used and occupied the rear portion of the building as a residence.
(G) That at the time she was adjudicated a bankrupt, and prior thereto she was conducting a mercantile business in the front portion of the store.
(7) That the rear portion of the store has been partitioned off into four rooms, which are occupied by the family.
(8) That none of the children own any property of any kind, and have no income.
(9) That said house and lot and personal property are jointly worth less than $2,000.
It is distinctly understood and agreed that these admissions are made only for the purpose of dispensing with testimony on the question of exemption, and that same cannot be used in any manner by either party on any other question whatever that may have arisen or may arise.
Shreveport, Da., November 6, 1905.
In the syllabus of the brief on behalf of the appellee the legal positions contended for by him are thus stated:
(1) The liomestead claimant, in order to recover, must be either the head of a family or have a person or persons dependent on him or her for support. Constitution 1898, art. 244.
(2) A married woman whose husband lives with her and is actively managing and conducting a business cannot be the head of a family. Civ. Code, arts. 120, 121, 122.
(3) Where a man is actively engaged in business, though as clerk and manager for another, and contributes the benefit of his labor to his family, his wife, though she have *271 a small business conducted by the husband In her own name, has no one dependent upon her for support; the husband being the provider of the family. 31 La. Ann. 283, Taylor v. McElvin.
(4)The provision in the Constitution, “or person having a person or persons dependent upon him or her for support,” was not intended to apply to a family where the head was already entitled to an exemption, but was inserted in order to provide a homestead in cases where single persons had persons dependent upon them for support.
The correctness of these positions is contested by the plaintiff, who maintains that:
(1) The right of exemption contained in the Constitutions of 1879 and 1898 is much broader than that contained in the act of 1865. Under the act of 1865 the right of exemption was only extended to a debtor “having a family, or mother, or father, or person or persons dependent upon him for support,” while the Constitution of 1898, not only extends the right of exemption to “every head of a family,” but also to a “person having a mother or father, or person or persons dependent upon him or her for support.” Act 1865, p. 52, No. 33, Extra Session; Const. 1879, art. 219; Const. 1898, art. 244.
(2) Where the wife is separated in property and the husband owns no property, the wife can urge the exemption of her separate property from seizure and sale for her debts. Hardin v. Wolf, 29 La. Ann. 333.
(3) The wife who has obtained the separation of property must contribute in proportion to her fortune and to that of her husband both to the household expenses and to those of the education of their children. She is bound to support those expenses alone, if there remains nothing to her husband,
(4) The homestead law undertakes to protect individuals, while bearing certain relations to each other. Our statute fixes the legal relations of the wife to the family, when she is separated in property from her husband, “and if there remains nothing to her husband she is bound to support all of the expenses of the household,” including the care and education of the children. Rowley v. Rowley, 19 La. 557; Fenn v. Holmes, 6 La. Ann. 199; Hill v. Tippett, 10 La. Ann. 554; Powell v. Hopson, 13 La. Ann. 626; Hardin v. Wolf, 29 La. Ann. 333; McElvin v. Taylor, 30 La. Ann. 552.
(5) Even in the absence of such statutory provisions under the exceptional circumstances shown to exist in this case, the wife is recognized as the head of the family.
(6) Under article 244 of the Constitution a married woman who holds the title to property, although living with her husband, is entitled to claim the exemption, as against her own creditors, where she has been trading as a feme sole. She is the head of the family, and the same is dependent on her for support. Richardson v. Woodward, 104 Fed. 873, 44 C. C. A. 235.
Plaintiff cites additionally Richardson v. Woodward, 104 Fed. 873, 44 C. C. A. 235.
Defendant’s statement of the case is that plaintiff, “a married woman, was on May 5, 1905, adjudicated bankrupt under a petition in involuntary bankruptcy.”
Previously thereto she had been conducting a mercantile business in the town of Colfax, where her husband had been managing the business for her.
On her adjudication of bankruptcy and the appointment of a trustee, her property became vested in the trustee, who, under the provisions of the bankruptcy act, reported that she was entitled to no exemptions.
On the filing of this report she instituted this suit against the trustee, claiming, as exempt, the storehouse and lot owned by her and occupied in part by her and her family, and also certain personal property declared by the Constitution to be exempt to “the head of a family.”
*273 The district judge rendered judgment rejecting plaintiff’s demand, and she appeals.
Opinion.
The district judge assigns no reasons for •his judgment, but it is evident that it was 'based upon the proposition that the wife was not the “head of the family,” and that ■she had “no persons dependent upon her for ■support.” This conclusion was itself predicated upon assuming that because plaintiff’s husband had taken an active part in the management and control of the business con-ducted by the wife as a public merchant it was “he” and not “she” who was “the head -of the family,” its bread earner and its supporter. The claim of nonexemption is claimed by the trustee on behalf of the creditors ■of the wife of property admittedly belonging to her.
Article 244 of the Constitution of 1898 •does not exact as the condition of a right to a homestead that the person claiming it should be “the head of the family.” While it grants the right to any head of a family, ■it does so also to any person having a person or persons depending on him or her for support. It is true that so long as a mar•riage is not dissolved the husband may be considered in one sense the head of the family, but it is not true that, though he may be ■such, the wife may not “have a person or persons depending upon her for support.” It frequently happens that the wife has to support, not only the children of the family, but the husband himself, and that is the case 'here. Civ. Code, art. 2435. If the property •claimed as exempt were seized and sold by the wife’s creditors, not only the husband •and the wife, but the children, would be left in destitute circumstances without a ’home and without means of support — the very condition of affairs which it is the ■object of the law as a matter of public policy to prevent. Were it not for the continued .existence of this property in the wife, the husband, as well as the children, would be absolute paupers. It is entirely through the instrumentality of this property in the wife that the whole family is and can be supported.
It is not true that because the husband may give his time and attention to the wife’s business that therefore he supports her and her children. The most that can be claimed as to this is that he does something himself towards his own support That he may choose to do this furnishes no legal ground for complaint by the wife’s creditors, even though his own might have a right to object to it which they do not.
The judgment of the district court is erroneous, and plaintiff’s demands are well founded.
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the district court be, and the same is hereby, annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that plaintiff do have judgment against defendant declaring and decreeing that the property described in her petition is exempt from seizure and sale at the instance of the creditors or by any other legal process whatever, and that the same be released to her as required by the Constitution and laws of the state, and plaintiff recover all costs of suit.