### GAST AND LEVY v. LOEB

___

(January 2, 1928.   Opinion and Decree.)

___

*(Syllabus by the Court)*

1. **Louisiana Digest—Marriage—Par. 172, 173, 182.**

As a general rule the husband alone is liable for necessaries bought by his wife for herself and their children.

2. **Louisiana Digest—Marriage—Par. 77, 182.**

The liability of the wife for such necessaries is exceptional. He who would recover against her must establish the exception clearly under some provision of the law.

3. **Louisiana Digest—Marriage—Par. 77, 172.**

Act 132 of 1926 does not purport to amend Article C. C. 2403 nor to change the law and jurisprudence quoted above.

4. **Louisiana Digest—Marriage—Par. 84; Suretyship—Par. 4.**

But it (Act 132 of 1926) does authorize the wife "to bind and obligate herself personally or as surety for her husband or any other person."

5. **Louisiana Digest—Suretyship—Par. 3, 4.**

Two persons may be bound as principals for the same debt.

Appeal from the First City Court. Hon. Wm. Alexander Bahns, Judge.

Action by Gast and Levy against Mrs. Elka F. Loeb.

There was judgment for defendant and plaintiffs appealed.

Judgment reversed.

Deutsch & Kerrigan, of New Orleans, attorneys for plaintiffs, appellants.

Leon S. Cahn, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit for the price of goods sold to defendant.

The plaintiffs alleged that between June 1st and August 28th, 1927, they sold to defendant a lot of goods amounting to $118.30 upon which defendant has paid nothing, and for which they claim judgment.

The defendant filed a general denial and further alleged that the goods "were purchased of plaintiffs not for defendant, but by and for the account of the community lately existing between plaintiffs (defendant) and her late husband Ernest M. Loeb; that none of the said goods and merchandise were for the benefit of defendant, but were for the use and benefit of her said late husband, Ernest M. Loeb, and the minor children of the said community; that the said goods and merchandise consisted of necessary wearing apparel for her said late husband and for the said minor children; and the purchase thereof was authorized and approved by her said late husband as head and master of the said community;" that her said husband died on August 24, 1927, and that his succession has been opened, and that the defendant is not liable for the price of the articles claimed herein except for $2.25 bought after the death of her husband.

There was judgment for plaintiffs for $2.25 and they have appealed.

The articles, according to the testimony and the bill annexed to the petition, were sold to the defendant herself and consisted of socks, handkerchiefs, robes, pajamas, scarf, hats, ribbons, garters and collars, some were sold from June 6th to July 6th, inclusive. They amounted to $64.50 and other from July 8th to July 30th and they amounted to $51.55 and others on August 25th and 27th after the death of defendant's husband, amounting to $2.25.

For those items, amounting to $64.50, the defendant is not liable. They were necessaries ties for the defendant and her two minor children for which the husband alone, as head of the community, was liable. C. C. 2403; Voiers vs. Atkins Bros., 113 La. 327, 36 So. 974; Peet, Yale & Bowling vs. McDaniel & Co., 27 La. Ann. 455; Morgan vs. Richmond, 28 La. Ann. 838.

The liability of the wife is exceptional. He who would recover against her must establish—the exception clearly under some provision of the law. Scanlan & Co. vs. Warwick & Wife, 10 La. Ann. 30; Labit & Charpentier vs. Harman, 13 La. Ann. 593; Powell & Hopkins vs. Hopkins, 13 La. Ann. 626.

There is no allegation that the wife owned any paraphernal property. C. C. 2389; Rowley vs. Rowley, 19 La. Ann. 558; Hill & Co. vs. Tippett & Wife, 10 La. Ann. 554; Labit & Charpentier vs. Harman, 13 La. Ann. 593; Doyal vs. Doyal, 23 La. Ann. 97; Hardin vs. Wolf & Cerf, 29 La. Ann. 335.

Nor that she was separate in property by marriage contract. C. C. 2395; Rowley vs. Rowley, 19 La. Ann. 558, 579; Robson & Allen vs. Shelton & Husband, 14 La. Ann. 712; Arrowsmith vs. Rappelge, 24 La. Ann. 327; Crochet vs. Dugas, 126 La. 290, 52 So. 495; Hill & Co. vs. Tippett & Wife, 10 La. Ann. 554; Trudeau vs. Rau, 23 La. Ann. 197; Daney, Wife vs. Martin, Cobb

Co., 23 La. 325; Choppin vs. Harman, 24 La. Ann. 327.

Nor that she was separate in property by judgment. C. C. 2435; St. Louis University vs. Prudhomme & Wife, 21 La. Ann. 525.

Therefore defendant is not liable for the above articles purchased by her because Article C. C. 2403 makes the community alone, represented by the husband, liable for all debts contracted during the community. Fabacher vs. Rouprich, 2 La. App. 138.

But plaintiff relies upon Act 132 of 1926, page 207, which reads as follows:

"Sec. I. That a married woman, whether a resident of this state or not shall be competent to contract debts, purchase, sell and mortgage, and to bind and obligate herself personally and with reference to her separate and paraphernal property; to appear in court and to sue and be sued; to sell, alienate, or otherwise dispose, and to mortgage and pledge or otherwise encumber, her separate and paraphernal property for the benefit of herself, her husband or any other person, and to bind and obligate herself personally or as surety for her husband or any other person.

"Sec. II. That such married women shall exercise the rights granted by Section I hereof, without the necessity of obtaining the authority of her husband or the judge.

"Sec. III. That the rights hereby granted shall not apply to married women under the age of eighteen years or to married women who are interdicted.

"Sec. IV. That nothing herein contained shall be deemed or construed to affect in any way the statutes of this state establishing and regulating the matrimonial community of acquets and gains, and prescribing what shall be deemed separate property of the spouses."

The title of the Act reads:

"To define the capacity of and to authorize married women to enter into contracts relating to their separate and paraphernal property and with reference to suits by and against them, and to repeal all laws or parts of laws in conflict therewith."

The title of the Act does not purport to amend Article C. C. 2403, or to change the law in relation to the immunity of the wife for contracts made by her during the community, nor does the body of the Act repeal such immunity. It only authorizes her to make contracts "with reference to her separate and paraphernal property." But it does authorize the married woman "to bind and obligate herself personally or as surety for her husband or any other person."

Under the last clause of this Act we are of the opinion that the defendant is liable for all purchases made from the plaintiffs on and after July 8, 1926, up to and including July 30, 1926. In relation to these the testimony of Charles Levy, the plaintiff, is as follows:

"Q. State what happened on July 8th?

"A. On July 8th, she owed us $64.50. She came into the store with her daughter, Mary, and said she wanted to buy a few things for her personal use, and she said: 'Please let Mary have this merchandise. I am going to pay you a part of the amount I now owe you if you will let her have this additional merchandise,' which we agreed to do on her promise to pay the amount. The merchandise was to be charged to Mrs. Loeb as she told us to do.

"Q. She asked you to extend credit only to herself?

"A. Yes.

"Q. I understood you to say the account has always been carried in Mrs. Loeb's name?

"A. Yes.

"Q. She did not tell you if Mary Loeb did not pay she would?

"A. No.

"Q. She told you to give these articles to Mary Loeb and she would pay you?

"A. Yes.

"Q. Mary Loeb was a minor?

"A. Yes.

"Q. And Mrs. Loeb was her mother?

"A. Yes."

The defendant, Mrs. Loeb, did not testify at all.

The articles purchased from July 8th to 30th consist of robes, pajamas, collars, hats, and belts, and amount to $51.55.

The defendant contends, however, that it was error to admit parol testimony to prove that the defendant had promised to pay the debt of "Mary" for these articles under Article C. C. 2278, S. 3.

The question arises whose debt was it, Mary's or the defendant's? We are of the opinion that it was the defendant's, because it follows from the testimony that the plaintiffs gave credit to defendant and not to "Mary", who was a minor. Watson Bros. vs. Jones, 125 La. 249, 51 So. 187; Moriarty vs. Bagnetto, 110 La. 598, 34 So. 701; 20 Cyc. 160 (2), 162 (3); 2 Peters 169 (182); 2 Evans Pothier 153.

The error of the defendant is in assuming that she bound herself as "surety" for her daughter, while in fact she bound herself "personally" as she was authorized to do under the statute. "Two persons may be bound as principals for the same debt." Watson Bros. vs. Jones, 125 La. 249, 51 So. 187; Moriarty vs. Bagnetto, 110 La. 598, 34 So. 701.

Whether it was the debt of "Mary" or of the husband the defendant bound herself for it as principal.

The defendant admitted that she was liable for the payment of $2.25, amount of purchase made by her after the death of her husband.

It is therefore ordered that the judgment herein rendered be reversed and set aside, and it is now ordered that the defendant, Mrs. Elka Freeman, Widow Ernest M. Loeb, be condemned to pay to the plaintiffs, Gast and Levy, the sum of Fifty-three 80-100 dollars with five per cent per annum interest from September 1, 1927, till paid and all costs.