(126 So. 916)

**BANK OF LAFAYETTE & TRUST CO. v. FABRE et al.**

No. 29900.

Feb. 3, 1930.

Rehearing Denied March 5, 1930.

Kennedy & Davidson, of Lafayette, for appellants.

Mouton & Debaillon, of Lafayette, for appellee.

OVERTON, J.

Mrs. Hilda Fabre, wife of Alcee David, acquired a tract of land containing 34.37 arpents, which is her separate and paraphernal property. After her acquisition of this property, Mrs. David, her husband, and their

children moved on the property and established their home. While they were occupying the property as their home, Mrs. David, with the authorization of her husband, mortgaged 15.37 arpents of the land, on February 25, 1920, to secure $1,000, represented by a promissory note for that amount. Some time after this, namely, on December 8, 1921, another mortgage was granted on the remaining 20 arpents of the tract to secure the sum of $753.27. Both of these mortgages have been subordinated to a mortgage for $900, granted by Mrs. David in favor of the Federal Land Bank. The mortgage in favor of that bank is not involved in this litigation. The mortgage of February 25, 1920, for $1,000, which is now subject to a credit of $329.03, of date November 28, 1924, contains no waiver of a homestead exemption; whereas, the mortgage of December 8, 1921, for $753.27, upon which there is a balance due of approximately $300, contains a homestead waiver, as does also the mortgage, not involved herein, in favor of the Federal Land Bank.

Plaintiff, as the owner of the mortgage, granted February 25, 1920, and of the one granted December 8, 1921, brought suit on them by ordinary process, and recovered judgment, with recognition of the mortgages held by it, on October 4, 1928, for the balance due on each mortgage.

From the judgment recovered, plaintiff caused a writ of fieri facias to issue, and seized the property mortgaged. Defendant and her husband, almost immediately after the property was seized, by way of intervention and third opposition, asserted a homestead exemption on the property, so far as relates to the execution of that part of the judgment, recognizing the mortgage, which contains no homestead waiver. As to the remainder of the judgment, which recognizes the mortgage, containing a homestead waiver,

interveners intend to pay that part, and, in fact, have tendered it to plaintiff, which is conceded, but which tender plaintiff has refused.

Interveners allege, as the basis of the homestead exemption claimed, that they have eight minor children dependent on them for support, and that the property seized is necessary for the support of interveners and their children. They further show that the property seized is the separate property of the wife, and that the husband has no property, and has no means of support other than the cultivation of the property seized herein.

The case was tried on an agreed statement of facts. This agreed statement shows, in addition to the facts already stated, among other things, that interveners and their children moved on the property, prior to the granting of the mortgages, involved herein; that interveners and their children are at the present time deriving their sole support by farming the land seized; that the husband is an illiterate man, and cannot read, write, or speak the English language, but is an able-bodied man of the age of 41 years, and a farmer by occupation; and that the property seized is the separate and paraphernal property of the wife.

The sole question to be decided, as stated by counsel for interveners, in their brief, is the right of the wife to a homestead exemption on the 15-arpent tract, upon which was granted the mortgage of February 25, 1920, which does not contain a homestead waiver. This mortgage was granted while the Constitution of 1913 was in effect.

Article 244 of that Constitution, as does the same article in the preceding Constitution of 1898, so far as pertinent, reads as follows: "There shall be exempt from seizure and sale by any process whatever except as

herein provided and without registration, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty acres, buildings and appurtenances, whether rural or urban, of every head of a family, or person having a mother or father, or a person or persons dependent on him * * * for support. * * * " Section 1 of article 11 of the Constitution of 1921 reads the same as does the foregoing quotation from the Constitution of 1913.

In Ginsberg v. Groner, 117 La. 268, 41 So. 569, 571, this court had occasion to pass upon a claim to a homestead exemption, asserted by the wife, while the husband and wife were living together. In that case, however, the husband and wife were separated in property, and therefore no community of acquêts and gains existed between them. There, the court said: "It is true that so long as a marriage is not dissolved the husband may be considered in one sense the head of the family, but it is not true that, though he may be such, the wife may not 'have a person or persons depending upon her for support.' It frequently happens that the wife has to support, not only the children of the family, but the husband himself, and that is the case here." The court cited, in support of this statement, article 2435 of the Civil Code, which is to the effect that the wife who has obtained a separation of property from her husband must contribute, in proportion to her fortune and to that of her husband, both to the household expenses and to those for the education of their children, and is even bound to support these expenses alone, if there remains nothing to the husband. Therefore, in that case the court having found that the wife was separated in property from the husband, that he and their children were dependent upon her for support, and that the burden legally fell upon her to support them, properly granted the exemption claimed.

The case of Hardin v. Wolf & Cerf, 29 La. Ann. 333, was also a case in which the wife laid claim to a homestead exemption while the husband and wife were living together. The case arose under the Homestead Act of 1865. In that case, however, as in the Ginsberg Case, the wife was separated in property from the husband, and the husband, who was a deaf-mute, and the children of the marriage, were dependent upon the wife for support. The court recognized that she was liable for the debts contracted for the support of the family, under article 2435 of the Civil Code, and for her farming operations, and, in the decree, recognized her claim to the homestead exemption.

These cases are, in their essential features, unlike the case at bar. Here, the husband, though illiterate, is an able-bodied man, 41 years of age, and is a farmer by occupation. Here, the wife is not separated in property from her husband, and therefore the community of acquêts and gains is in full force between them, and was so at the time of the granting of the mortgage, involved herein. It does not even appear that the wife is administering her separate property, and therefore that, upon this hypothesis, she is liable for, or ought to contribute to the support of the marriage, an amount equal, if need be, to one-half of her income, as provided by article 2389 of the Civil Code. In these circumstances the debts contracted for the support of the family are the debts of the husband, as head and master of the community, and not those of the wife, in whole or in part. E. Hill & Co. v. Tippett and wife, 10 La. Ann. 554.

Since the wife is not responsible legally for the payment of the household expenses, or for

the support of the family, and since the burden of these expenses falls upon the husband, as head and master of the community, it cannot be said properly, in this instance, that the wife is either the head of the family or has a person or persons dependent on her for support. In fact, the family is being supported by the husband, as head and master of the community, with the aid of other members of the family. The most that may be said is that the community in providing this support, .uses the separate property of the wife. There is nothing in the laws, enlarging the rights of married women, that affects the situation here presented. In fact, at the time the mortgage involved herein was granted, the wife could not bind herself for the debts of her husband. Lorio v. Gladney, 147 La. 930, 86 So. 365; Act No. 244 of 1918.

Our conclusion is that the wife, in this instance, is not entitled to the homestead exemption claimed, and it is clear that the husband is not, since neither he nor the community is the owner of the property seized. So thought the trial judge, and we think the judgment rendered by him is correct.

The judgment appealed from is therefore affirmed.