· No. 967.

HENRY CLAY RAY vs. EGBERT O. HAYES, SHERIFF, ET AL.

Plaintiff has enjoined the sale of certain property, which he alleges is exempt from seizure and sale by law. The defendant joined issue without exception to the jurisdiction of the court, and said court dissolved the injunction. The motion to dismiss the appeal for want of jurisdiction in this court *ratione materiæ* can not prevail.

If the district court had jurisdiction, this court has also, for the jurisdiction of district courts is in matters where the value in dispute exceeds five hundred dollars; and if this court is without jurisdiction, so was the lower court, and its judgment would be an absolute nullity.

But there is no evidence that the property is not worth over five hundred dollars. On the contrary, it would seem that the property seized is worth more than five hundred dollars.

The plaintiff was a farmer, having a wife and children, and the corn and fodder seized were necessary for the current year. Because he could not go on farming on his own responsibility during the year following the seizure, in consequence of said seizure, is not a reason why he should be regarded as not a farmer. He was a farmer in 1874, and made the corn and fodder seized in the fall of that year, and his occupation at the time of the seizure is the test to determine if he be entitled to the exemption.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *T. H. Lewis,* Acting Judge. *Martel & Hudspeth* and *Bayley,* for plaintiff and appellant. *Henry L. Garland,* for defendants and appellees.

LUDELING, C. J. Plaintiff alleging that he is a farmer, having a wife and children dependent upon him for a support, and that his wife does not own property worth one thousand dollars, enjoined the sale of certain property, which he alleges is exempt from seizure and sale by law. The property seized is a mule, three hundred bushels of corn, and three thousand bundles of fodder; the value of this property is neither alleged nor proved. The defendant joined issue without excepting to the jurisdiction of the court, and the court *a qua* dissolved the injunction with damages.

In this court a motion to dismiss the appeal has been made by the defendant for want of jurisdiction of this court *ratione materiæ.* If the district court had jurisdiction this court has also, for the jurisdiction of district courts is in matters where the value in dispute exceeds five

hundred dollars ; and if this court is without jurisdiction, so was the lower court, and its judgment would be an absolute nullity. But there is no evidence that the property is not worth over five hundred dollars. On the contrary, it would seem that the property seized is worth more than five hundred dollars. The motion to dismiss is overruled.

On the merits, the evidence proves that the plaintiff was a farmer, having a wife and children dependent upon him, and the corn and fodder seized was necessary for the current year. The articles seized are exempt under the act of 1865. C. P. 645.

Because he could not farm on his own responsibility during the year following the seizure, in consequence of said seizure, is not a reason why he should be regarded as not a farmer. He was a farmer in 1874, and made the corn and fodder seized in the fall of that year, and his occupation at the time of the seizure is the test to determine if he be entitled to the exemption.

It is therefore ordered that the judgment of the lower court be reversed, and that there be judgment perpetuating the injunction, with costs in both courts.