(50 South. 798.)

No. 17,542.

HINTON v. ROANE, Constable, et al.

(Nov. 29, 1909.)

1. TIME (§ 4*)—"CURRENT YEAR"—CROPS—EXEMPTIONS.

The words "current year" in Code Prac. art. 645, exempting from seizure upon execution, apart from the land, corn, provisions, and other supplies necessary for running the plantation to which they are attached for the current year, means from harvest to harvest, and not a calendar year.

[Ed. Note.—For other cases, see Time, Cent. Dig. § 4; Dec. Dig. § 4.*

For other definitions, see Words and Phrases, vol. 2, pp. 1795, 1796.]

2. EXEMPTIONS (§ 37*)—PROPERTY SUBJECT—CROPS IN GROUND.

Code Prac. art. 645, exempting from seizure upon execution, apart from the land, corn, hay, etc., necessary to run the plantation to which they are attached for the current year, exempts the crop while it still hangs by the roots.

[Ed. Note.—For other cases, see Exemptions, Dec. Dig. § 37.*]

3. EXEMPTIONS (§ 37*)—PROPERTY EXEMPT—CROPS—CROPS "ON THE FARM."

The judgment debtor and his family lived on land belonging to his wife and her coheirs in indivision, and his sons cultivated the land under an agreement by which they received the surplus of the cotton after the supplies were paid for, and plaintiff received the other products for the support of the family. *Held*, that corn, hay, and cane raised on the land belonged to the debtor and were "on the farm" within the law, so as to exempt from seizure upon execution; the law not requiring that the farm belong to the person claiming the exemption.

[Ed. Note.—For other cases, see Exemptions, Dec. Dig. § 37.*]

4. EXEMPTIONS (§ 37*)—EXECUTION.

Code Prac. art. 645, providing that the sheriff shall not seize corn, provisions, and other supplies necessary for running the plantation, merely prohibits seizure of the articles named therein separate from the land, so that sugar cane, raised to be converted into syrup for family use, may be seized upon execution.

[Ed. Note.—For other cases, see Exemptions, Dec. Dig. § 37.*]

5. EXEMPTIONS (§ 76*)—PROPERTY SUBJECT—JUDGMENT—EFFECT OF PRIVILEGE.

The fact that the judgment creditor had a privilege on property sought to be seized under execution, because the debts for which the judgment was rendered were for necessary supplies, would not entitle him to seize upon execution property of the debtor which was exempt.

[Ed. Note.—For other cases, see Exemptions, Dec. Dig. § 76.*]

6. JUDGMENT (§ 948*)—PLEADING—NECESSITY.

An estoppel by judgment must be specially pleaded in order to be available.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1787–1794; Dec. Dig. § 948.*]

Appeal from Fourth Judicial District Court, Parish of Lincoln; A. B. Dawkins, Judge.

Suit by L. W. Hinton against J. S. Roane, constable, and others. From a judgment in part for plaintiff, defendants appealed, and plaintiff joined therein. Affirmed, as modified.

Clayton, Hawthorn & Atkinson, for appellants. Barksdale & Barksdale, for appellee.

PROVOSTY, J. In November of last year the plaintiff and his two sons went on a wagon trip to Oklahoma. They set out before day, or during the night, as farmers often do when they wish to make an early start. Their creditors, erroneously supposing that they had left the state permanently, sued out attachments against them, and seized their crops standing in the field. They returned in time for the trial of the attachment suits, and were present at the trials. Judgment went against them, maintaining the attachments. Executions then issued on the judgments; and the constable seized, and advertised for sale, the property which had been attached. Thereupon plaintiff brought

the present injunction suit, claiming that the corn, hay, and sugar cane seized were exempt from seizure under article 244 of the Constitution, exempting from seizure "the necessary quantity of corn and fodder for the current year," and under article 645 of the Code of Practice, which reads:

"Nor can he seize the agricultural implements, and working cattle, separately from the land to which they are attached; nor the corn, fodder, hay, provisions, and other supplies necessary for the carrying on the plantation to which they are attached, for the current year."

Defendants contend that the current year means the calender year. If this were true, and the seizure had been made on the 31st of December after dinner, nothing more would have been exempt than what would have been enough for supper. Manifestly, by "current year" is meant from harvest to harvest. Ray v. Hayes, 28 La. Ann. 641; Clark v. Lancaster, 69 Neb. 717, 96 N. W. 593.

Next, defendants contend that the exemption does not operate while the crop still hangs by the roots. But it would seem that it ought then to operate doubly, since a seizure at that time despoils the debtor as effectually as a later seizure might do, and perhaps to nobody's good, as it may bring about the loss of the crop, as has happened with the cane in the instant case, according to the statement in plaintiff's brief.

Next, defendants contend that the property seized does not belong to plaintiff, but to his two sons, and that, even if it does belong to plaintiff, still it is not exempt, because it is not "on a farm." The facts are that plaintiff and his family, consisting of his wife and several grown sons and daughters, live upon a tract of land belonging in indivision to plaintiff's wife and her coheirs. Plaintiff's sons and daughters cultivate a part of this land under an agreement by which the sons are to have the surplus of the cotton after the supply bills of the year are paid, and plaintiff is to have the other products for the support of the family. Under these circum-

124 La.—30

stances, the corn, hay, and cane in question belong to plaintiff; and they are "on a farm" within the meaning of the law. The law does not require that the farm must belong to the person claiming the exemption.

The sugar cane in question was not grown as a money crop, but to be converted into syrup for consumption by the family. Such being the case, plaintiff contends that it comes within the meaning of the term "provisions" found in the first paragraph of article 645, Code Prac., hereinabove transcribed. But manifestly that paragraph of article 645 is not a law of exemption, but merely a prohibition against seizing the articles therein named "separately from land to which they are attached." We think, therefore, that, as to the cane, the seizure must be maintained, as no law exempts it from seizure.

We do not think the case of the defendants would be bettered by their having a privilege on the object seized; but, as a matter of fact, they have none. Nothing shows that the debts upon which the judgments were rendered were for necessary supplies. The only evidence on that point consists in a vague statement that the debts arose from purchases made by plaintiff and his sons from the stores of the seizing creditors. Nothing shows that the articles purchased consisted of necessary supplies.

The question of whether plaintiff is not estopped by the judgment in the attachment suit was argued at the bar; but there being no plea of estoppel, and estoppel having to be specially pleaded, that question need not be considered.

Plaintiff made an agreement with his counsel for a fee of $50. The lower court allowed $25. Plaintiff joined in the appeal by answer in this court, and asked that the said fee be increased to $50. Considering the services that have had to be rendered on the present appeal, we think the amount ought to be increased to the full $50, as prayed.

It is therefore ordered, adjudged, and de-

creed that the judgment appealed from be set aside in so far as it decrees the exemption of the sugar cane from seizure, and that, as to said sugar cane, the seizure be maintained and the plaintiff's suit dismissed; and it is further ordered, adjudged, and decreed that the attorney's fee allowed by the said judgment be increased to $50, with legal interest from this date on the additional amount decreed by the present judgment, and that the said judgment be in all other respects affirmed. The costs of the lower court to be paid by defendants, those of this appeal to be paid one-half by plaintiff and one-half by defendants.