PROVOSTY, J.
This ease involves two homestead claims. It was tried on an agreed statement of facts. There being no dispute as to the facts, we shall state them only as far as necessary for presenting and disposing of the question of law involved.
[1] The claimants are two sisters whose husbands died shortly before this suit arose; and the tracts of land are the two halves of what was once an 80-acre tract. As to one of them, that of widow Veronie, the reason for doubting its being homestead is that in the early part of 1918 she leased it for that year in consideration of a share in the crop to be made by the tenant, and went to live with her minor children at her brother’s, one mile distant, reserving, however, for her use and that of her children, a furnished room in the house, which she “part of the time” occupies.
Under these circumstances, we think it is evident that the widow’s partial removal was intended to be merely temporary, animo revertendi. Such being the case, the homestead right was not lost. Lyons v. Andry, 106 La. 356, 31 South. 38, 55 L. R. A. 724, 87 Am. St. Rep. 299; St. Mary Bank v. Daigle, 128 La. 758, 55 South. 345.
[2] When the two tracts were acquired by the two brothers-in-law, there were two houses on the Veronie tract, and none on the Le Jeune tract. Only one of the houses, however, went with the Veronie tract. Le Jeune bought the other, and lived. in it where it stood, 300 feet from his tract, within a yard connected directly with his tract by a lane.
The question presented therefore is whether the claimant of a homestead right must necessarily live on the land.
The language of the Constitution (article 244) is that the homestead must be “bona fide owned and occupied by him.”
On the question of whether actual residence upon the land itself is necessary for constituting occupancy the courts may be considered to be divided, with a decided leaning, however, to the affirmative. 13 R. C. L. 593, 594; 21 Cyc. 471; 15 A. & E. E. of L. 575; and cases and notes, McCauley v. McCauleyville, 111 Minn. 423, 127 N. W. 190, 20 Ann. Cas. 832; Mann v. Corrington, 93 Iowa, 108, 61 N. W. 409, 57 Am. St. Rep. 260; Mason v. Columbia Finance & Trust Co., 99 Ky. 117, 35 S. W. 115, 59 Am. St. Rep. 452; Pryor v. Stone, 19 Tex. 371, 70 Am. Dec. 346. Any discussion of the question hy us would add nothing to what may be read in the books here referred to. The house was purchased for the purpose of being used as a residence in connection with the land; it was as conveniently situated for that purpose as if on the land; it being on land belonging to some one else, it was a movable, and would sooner or later have to be moved to the-homestead; *15 for all'-practical purposes it was part and parcel of tlie farm. Le Jeune certainly in good faith supposed that this farm was his homestead. For the brother-in-law to have compelled the removal would have been harsh, and so would be an interpretation of the law compelling so useless a thing. Such is not the spirit of the homestead law. On a question of this kind every case must stand upon its own facts.
The judgment appealed from, which held these tracts to be homesteads, is affirmed, at the cost of appellant.
MONROE, O. J., dissents.