## Moore v. Lewis et al., County Commissioners.

*Constitutional law—Title of act—Taxation—Horses—Mules—Words and phrases—Act of April 28, 1927.*

1. The purpose of the Act of April 28, 1927, P. L. 491, "discontinuing the tax on horses, mares, geldings, mules and neat cattle over the age of four years," is sufficiently disclosed by that portion of the title which reads "discontinuing the tax on horses, mares and neat cattle over the age of four years."

2. The word "horse" is generic and comprehends and includes geldings, mares and mules.

3. Even if the act were unconstitutional in so far as it relieves mules from taxation, it would still be valid as to horses and neat cattle.

Case stated for declaratory judgment. C. P. Bradford Co., Feb. T., 1928, No. 2.

*Lilley & Wilson*, for plaintiff.

*Rodney A. Mercur*, County Solicitor, for defendants.

CULVER, P. J., Jan. 23, 1928.—The court is asked in this case stated for a declaratory judgment upon the validity or invalidity of the Amendatory Act of April 28, 1927, P. L. 491, being Act No. 318 of the last session of the legislature.

Moore *v.* Lewis et al., County Commissioners.

The plaintiff is a resident citizen of Bradford County, owning five horses and eighteen neat cattle above the age of four years. Said horses have been assessed for taxable purposes for the year 1928 at the sum of $225, and said cattle at the sum of $270.

The question for our determination is whether or not these horses and cattle are liable to taxation for county purposes.

The answer to this question depends upon the validity or invalidity of said act of assembly. The title to this amendatory act reads as follows: "To amend section thirty-two of the act approved the twenty-ninth day of April, one thousand eight hundred and forty-four (Pamphlet Laws four hundred and eighty-six), entitled 'An act to reduce the State debt, and to incorporate the Pennsylvania canal and railroad company;' discontinuing the tax on horses, mares and neat cattle over the age of four years."

The act, as amended, reads as follows: "Be it further enacted, that from and after the passage of this act, all real estate, to wit: Houses, lands, lots of ground and ground rents, mills and manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries and ferries, wharves and all other real estate not exempt by law from taxation; and all salaries and emoluments of office, all offices and posts of profit, professions, trades and occupations, except the occupation of farmers, together with all other things now taxable by the laws of this Commonwealth, shall be valued and assessed and subject to taxation for the purposes in this act mentioned, and for all county purposes whatsoever."

By section 32 of said Act of April 29, 1844, P. L. 486, as originally enacted, many species of personal property, including horses, mares, geldings, mules and neat cattle over the age of four years, were subject to both State and county taxation. By various subsequent acts of assembly, all of these articles of personal property, save only horses, mares, geldings, mules and neat cattle over the age of four years, have been relieved from liability to taxation for county purposes, and most of said articles have by various acts of assembly likewise been relieved from taxation for State purposes, and many of them have by subsequent legislation again been made subject to taxation for State purposes.

The question for our determination is the constitutionality of this Amendatory Act of April 28, 1927. The purpose of the amendment seems to be expressed in the following words in the title: "Discontinuing the tax on horses, mares and neat cattle over the age of four years."

By the body of the amendment the tax is discontinued on "horses, mares, geldings, mules and neat cattle over the age of four years."

Defendants take the position that the title to the act gives no notice of discontinuing taxation on mules, and, therefore, the entire act is unconstitutional.

The case stated raises no question as to the liability of mules for taxation. Plaintiff contends that, even though the act be unconstitutional as to relieving mules from taxation, it is valid as to horses, mares and neat cattle, which are clearly expressed in the title.

Our inquiry is, therefore, two-fold: First, in other words, does the term horses include or give notice that geldings and mules are included in such term? We are of opinion it does. We believe [that in] the general understanding and acceptation of the term "horse," mares, geldings and mules are included. No authority has been called to our attention to the contrary, and in 2 Words and Phrases (2nd Series), 911, we find the following: "All the authorities agree that the word 'horse' is a generic term, ordinarily including in its signification the different species of that kind of animals, and generally

it is sufficient in charging larceny to describe an animal by the name of the class to which it belongs:" State v. Matejousky, 115 N. W. Repr. 96, 22 S. D. 30.

"Under Penal Code, 1901, art. 881, relating to theft of a horse, the genus 'horse' includes a stallion, mare, gelding, etc.:" Beard v. State, 83 S. W. Repr. 824, citing State v. Morales, 21 Texas, 298; McKenzie v. State, 25 S. W. Repr. 426, 32 Texas Cr. Repr. 568, 40 Am. St. Reps. 795.

"The term 'horse' in its generic sense embraces all the different varieties of that animal, however diversified by age, sex or condition:" Miller v. Territory, 80 Pac. Repr. 321.

"The word 'horse' includes the female sex of that genus:" Southern Ry. Co. v. Pogue, 40 So. Repr. 565.

"Notwithstanding the Penal Code, par. 487, providing that the larceny of a horse, mare, gelding, etc., is grand larceny, proof of the theft of a mare does not constitute a variance from an information charging the theft of a horse, since the word 'horse' is used in its generic sense, and includes all animals of the horse species, whether male or female:" People v. Melandrez, 88 Pac. Repr. 372, quoting and adopting definition in People v. Pico, 62 Cal. 50.

"The word 'horse' is generic, and includes mules and asses as species; but the term mare is not descriptive of a female of the species mule:" McLamb & Co. v. Lambertson, 62 S. E. Repr. 107.

"The term 'working horses' used by the constitutional exemption provision includes mules:" McElveen v. Goings, 41 So. Repr. 229, citing Ray v. Hayes, 28 La. Ann. 641; Goldsmith v. State, 1 Head, 38 Tenn. 154.

It seems to us, therefore, that the term "horse" comprehends and includes geldings, mares and mules, and, therefore, the title to this act is not defective in the manner alleged.

The second question is whether the entire act would be invalid if the words "horses and mares" be held not to include "mules," or would it be invalid only in so far as it relieves "mules" from taxation?

We are of opinion that even though this act should be held unconstitutional in so far as it relieves mules from taxation, it would still be valid as to horses and neat cattle. The general rule is that all presumptions are in favor of the constitutionality of statutes, and the courts are not to be astute in finding or sustaining objections to their validity. A statute is presumed to be constitutional until a collision with the State or Federal Constitution is affirmatively established. The rule deducible from the authorities has been stated in the following language: The violation of constitutional provisions must be clear and such as to leave no doubt or hesitation in the judicial mind.

In Com. v. Butler, 99 Pa. 540, it was held to justify the court in pronouncing the act unconstitutional it must conflict with some exception or prohibition of the Constitution, clearly expressed or necessarily implied; if its constitutionality depend on the construction of a word, any meaning thereof, whether technical or popular, which will sustain the constitutionality of the statute will be adopted.

An entire act is not necessarily unconstitutional because the title fails to give notice of some particular matter contained therein: Dewhurst v. Allegheny, 95 Pa. 437.

Unless it be inseparable, that part of an act only which is not within the subject stated in the title will be declared unconstitutional, leaving the rest to stand: Smith v. McCarthy, 56 Pa. 359; Com. v. Green, 58 Pa. 226; Com. v. Caulfield, 211 Pa. 644.

Believing the term "horses" in the general understanding and acceptation of the term includes geldings, mares and mules, we are convinced that the

title of the act in question is sufficient and gives sufficient notice to meet the constitutional requirements and to justify including, in the amending clause, mules.

We appreciate it is unwise for a court to decide any question not necessary to the particular case involved, and that we are only called upon in this case to decide whether or not horses and neat cattle are relieved from taxation by the act in question. However, as there are a small number of mules in this county, and the case stated is to secure for the taxing authorities the decision of this court on the validity of the act in question, we believe it better to pass upon the entire act in this case, thereby making another case unnecessary to determine the liability of mules to taxation.

The court being of opinion that the act in question is constitutional and valid, judgment should be rendered in favor of the plaintiff on the case stated.

### Order.

And now, to wit, Jan. 23, 1928, after due and careful consideration, judgment is rendered in favor of the plaintiff on the case stated and the taxing authorities of the County of Bradford are advised that the valuation shown by the assessment rolls upon horses, geldings, mares, mules and neat cattle over the age of four years should be excluded. Cost of this case to be paid by the County of Bradford.