## In re VINCENT.

District Court, W. D. Louisiana, Opelousas Division. February 17, 1928.

No. 3383.

L. A. Goudeau, of Lake Charles, La., for bankrupt.

J. E. Kibbe, Jr., of Abbeville, La., for trustee.

DAWKINS, District Judge. The bankrupt asks this court to review the ruling of the referee, declining to set apart certain property claimed as exempt under the homestead law of the state. The property claimed was as follows: (1) Household goods and furniture valued at $200; (2) a house and improvements on section 16, township 11 south, range 2 east (which land was owned by the parish school board), valued at $200; (3) one mare and one mule, valued at $150; and (4) farming implements and fifty sacks of rice, valued at $200.

Inasmuch as all of the property disclosed by the schedules had been claimed as exempt, and there were no creditors attending the first meeting, the referee dispensed with the appointment of a trustee and set apart the things claimed as a homestead. Thereafter certain creditors complained, and hearing was had and a trustee appointed. The latter then attacked the exemptions by rule upon the bankrupt to compel a surrender of the buildings and improvements upon the leased premises, as well as the rice and some 100 to 150 head of chickens and ducks. After the hearing, the referee decided that neither the buildings nor the rice and fowls were exempt.

■ It is not disputed that the bankrupt, in so far as his family status is concerned, meets all the requirements of one entitled to claim a homestead. However, the referee was of the view that, because the buildings and improvements were on the lands of another (the school board), they could not be allowed as exempt. I am of the opinion that this was error. The Constitution of the state (article 11, § 1) reads as follows:

"There shall be exempt from seizure and sale by any process whatever except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty acres, buildings and appurtenances, whether rural or urban, of every head of a family, or person having a mother or father or a person or persons dependent on him or her for support; also two work horses, one wagon or cart, one yoke of oxen, two cows and calves, twenty-five head of hogs, or one thousand pounds of bacon, or its equivalent in pork, whether these exempt objects be attached to a homestead or not, and on a farm the necessary quantity of corn and fodder, hay and potatoes, for the current year, and the necessary farming implements, to the value of two thousand dollars:

"Provided, that in case the homestead exceeds two thousand dollars in value, the beneficiary shall be entitled to that amount in case a sale of the homestead under legal process realizes more than that sum.

"From the benefit of homesteads allowed to husbands there shall be deducted the value of property or means owned and enjoyed by the wife.

"The benefit of this exemption may be claimed by the surviving spouse, or minor child or children, of a deceased beneficiary."

■ Even if it cannot be said that the expression in this article, "whether these exempt objects be attached to a homestead or not," in view of the punctuation, includes buildings and appurtenances, nevertheless, I believe that the policy of the state, as recognized by the jurisprudence of the Supreme Court of Louisiana, justifies a liberal construction in favor of the homesteader. Hebert v. Mayer, 48 La. Ann. 938, 20 So. 170; Ginsberg v. Groner, Trustee, 117 La. 273, 41 So. 569. See, also, Smith v. Thompson, 213 F. 335, 129 C. C. A. 637; In re Lenters (D. C.) 225 F. 878; Hills v. Joseph (C. C. A.) 229 F. 865; In re Solomon & Johnson (D. C.) 254 F. 505. It is also very generally held that one possessing the qualifications of a homesteader may claim as such improvements, buildings, etc., owned by him upon leased property. 29 C. J. p. 847, verbo "Homestead," and authorities cited in footnote, particularly In re Irving (D. C.) 220 F. 972. See, also, Hinton v. Roane, 124 La. 927, 50 So. 798, 134 Am. St. Rep. 526.

■ With respect to the rice, there is nothing to show but that it was held for the purpose of sale, just as any other agricultural crop produced by the bankrupt. If it was seed rice, the bankrupt should have proven it to be such. The chickens, I think, are exempt from process on behalf of creditors under article 645 of the Louisiana Code of Practice, as supplies necessary for "carrying on the plantation to which they" belong, just as

would be meat, corn, etc. They were attached to and formed a part of the farm, which he was cultivating, although leased, as above stated.

My conclusion is that the ruling of the referee should be so modified as to set apart the buildings and improvements upon the land leased by the bankrupt, as well as the fowls, as exempt from the claims of his creditors. In other respects the ruling will be affirmed. Decree may be presented.