145 So.2d 331 (1962)
Dillard C. CLOUD et ux., Plaintiff-Appellees,
v.
Jimmy CLOUD et al., Defendant-Appellants.
No. 628.
Court of Appeal of Louisiana, Third Circuit.
September 24, 1962.
Rehearing Denied October 25, 1962.
Certiorari Denied December 10, 1962.
*332 Vincent Hazelton, Alexandria, for defendant-appellants.
William Ray Bradford, Alexandria, and Maurice T. Mouton, Abbeville, for plaintiff-appellees.
Before TATE, SAVOY and CULPEPPER, JJ.
TATE, Judge.
This is a suit by a judgment debtor and his wife to set aside the execution sale of certain property on the ground that it was their homestead and thus constitutionally exempt from seizure. The principal defendants are the purchaser at the sheriff's sale and the seizing judgment creditors.
The defendants appeal from judgment annulling the sale at public auction.
The facts and issues in this case are closely related to those in a companion suit decided this date, the decree in which is reported at Cloud v. Wells, La.App., 145 So.2d 335. Both appeals were consolidated for argument, and this opinion will set forth the reasons for the judgments in both suits.
In contending that the trial court erred in recognizing the plaintiffs' claim of homestead as to the property sold at two sheriff's sales, the defendants principally contend: (1) that the plaintiff did not properly and timely assert his homestead claim prior to the sheriff's sales, so that therefore he cannot afterwards annul them; (2) that the plaintiff cannot seek annulment of the sales because he is bound by a previous election on his part to seek the proceeds of the sales, instead of enjoining them; and (3) the plaintiff's claim of homestead must fall, because allegedly he lost title to his residence, which was situated on leased property, when the plaintiffs' leasehold rights were sold at another (a third) sheriff's sale.
The complicated facts and legal proceedings surrounding this litigation were detailed in an earlier appeal to this court, when we overruled an exception of no cause of action and remanded this suit for trial on the merits. La.App., 127 So.2d 560. In our opinion on the first appeal we decided against the defendants on their first two contentions above listed. Our decision of these identical issues on the first appeal in this same suit between the same parties provides the "law of the case" on this second appeal; we need not consider and decide again what has been previously decided in this same suit, as our earlier decision of the same issues in the first appeal is binding on the parties in this court on this second appeal. See Keller v. Thompson, La.App. 3 Cir., 134 So.2d 395, certiorari denied.
As we noted in our earlier opinion, the homestead claimant at all times prior to the sheriff's sales made formal claim by judicial pleadings to his homestead exemption: First, by third opposition continuously asserted until the filing of the present suits to annul such sales and, then, by the present suits. The purchasers at the sheriff's sale thus bought with notice of this continuously asserted claim that the property was constitutionally exempt from sale as a homestead.
As we further noted therein, the plaintiffs' claim to their constitutional homestead exemption was, when first judicially asserted prior to the sheriff's sales, both a claim to the nullity of the sale, if for less than the exempted value, as well as a claim *333 to the proceeds up to such value, if the sale was for less. The plaintiffs therefore are not estopped or bound by any alleged election to have sought the proceeds of the sale rather than having sought to prevent the sale.
The third contention of the defendant-appellants listed above was not raised by their pleadings nor argued until after the case was tried on the merits following our overruling of the exception of no cause of action. To understand it, it is necessary to review briefly some of the facts and proceedings.
The plaintiff Dillard Cloud was held liable in a wrongful death action in the amount of twenty-one thousand dollars. Sales v. Cloud, La.App. 1 Cir., 88 So.2d 251. This and the companion proceedings resulted thereafter from the attempted execution of this judgment by the judgment creditors.
Aside from certain movable property not here relevant, the judgment creditors procured the issuance of writs of fi. fa. and three separate sheriff's sales of three separate items which, the plaintiff alleges, comprised a single holding forming his homestead upon which he and his family lived:
"(a) A 23-acre tract of land owned by Dillard Cloud, which was seized by writ of fi. fa. on October 9, 1959 and sold at sheriff's sale on November 21, 1959. (The purpose of the present suit is to annul this sheriff's sale.)
"(b) All buildings and improvements belonging to Dillard Cloud located on immediately adjacent premises leased by Dillard Cloud from the Humble Oil and Refining Company; which buildings and improvements were seized on October 31, 1959 and sold at sheriff's sale on December 9, 1959. (The companion suit, La.App., Cloud v. Wells, 145 So.2d 335, seeks to annul this sale.)
"(c) Any leasehold rights Dillard Cloud may have had by virtue of 1947 lease from Humble in the tract on which his home and outbuildings (previously seized, see (b) above), such leasehold rights being seized on November 4, 1959, and sold on December 16, 1959. (The plaintiffs never sought to annul this seizure and sale, perhaps because of their suggestion that the lease has long since expired)."
The evidence shows the following: The plaintiff Dillard Cloud purchased his homestead property from his father in 1947. At the time, a residence and fence had been situated surrounding the entire tract for over twenty years. The plaintiffs, Dillard Cloud and his wife, and their children have continuously resided on this homeplace since that date, about fifteen years ago, having constructed a new residence soon after their purchase on the site of the former home, which was torn down.
However, the residence in question was just over the section line on a tract which was owned by Humble Oil, not by the plaintiffs' vendor. The plaintiff obtained a lease from Humble in 1947 permitting him to use the land on which his residence was located. (Under its terms, the lease was for a period of twelve months only.)
Thus, both the land leased from Humble and the immediately adjacent 23-acre tract purchased by the plaintiffs are under one fence and formed one farmstead. And, as we stated in our earlier decision herein on the exception, La.App., 127 So.2d 560 at 563: "Although no improvements are situated on the 23-acre tract owned in fee by the plaintiff Cloud, he may nevertheless claim his homestead exemption: both as to his home owned by him but situated on land leased by him from another (In re Vincent, D.C.W.D.La.1928, 28 F.2d 396), and also as to the connected tract owned in fee by him even though his adjacent home is not itself situated upon this land owned by him (Succession of Veronie, 147 La. 12, 84 So. 439)."
It is in the light of these facts that the able counsel for the defendant-appellants contends that the plaintiff Dillard Cloud's residence situated on leased property could *334 not be owned by him separate from the ownership of the land. Therefore, it is urged, the purchaser of Dillard Cloud's leasehold rights at the sheriff's sale thereof on December 19, 1959, obtained whatever right the plaintiff Cloud might have had to continued ownership or possession of his home on the leased property. And, it is argued, if Dillard Cloud does not own his home, he cannot claim the homestead upon any of the property of the farmstead.
LSA-C.C. Art. 2726 provides: "The lessee has a right to remove the improvements and additions which he has made to the thing let, provided he leaves it in the state in which he received it. But if these additions be made with lime and cement, the lessor may retain them, on paying a fair price." The tenant who constructs improvements upon the land of his landlord, as well as the third person possessor who constructs improvements on land owned by another (see LSA-C.C. Art. 508), have consistently been held to be the owner of the improvements constructed unless and until the owner of the land elects to exercise any right he may have to pay their fair value and retain the improvements. Hammonds v. Buzbee, 170 La. 573, 128 So. 520; Kibbe v. Campbell, 34 La.Ann. 1163; Baldwin v. Union Insurance Co., 2 Rob. 133; Opelousas-St. Landry Securities Co. v. Causey, La.App. 1 Cir., 185 So. 89; Henry v. Tricou, 2 McGloin's Court of Appeal Reports 79 (1884). See also: Sims v. Matassa, La.App. 1 Cir., 200 So. 666; Vaughn v. Kemp, 1 Cir., 4 La.App. 682 (this latter case holding that, nevertheless, a purchaser of the realty cannot be bound by any unrecorded equities between the parties); Yiannopoulas, Movables and Immovables in Louisiana and Comparative Law, 22 La.L. Rev. 517, 524 (1962).
At the time of the seizure and sale the plaintiff Dillard Cloud owned the home in which he lived, although it was situated on the property of another and although, subsequent to the sheriff's sale, by another sheriff's sale was sold whatever leasehold interest he might have had affecting the land on which his home was built. He is therefore entitled to his homestead exemption as to his home owned by him and situated on the property allegedly leased by him. See Hinton v. Roane, 124 La. 927, 50 So. 798; Milliken & Farwell v. Rivet, 1 Cir., 6 La.App. 457; In re Vincent, 28 F.2d 396 (W.D., La., 1928).
Whatever right Humble as lessor (assuming, as the defendants contend, that there was a valid lease) might have had to claim the improvements upon reimbursement of the lessee under C.C. Art. 2726, does not affect the plaintiffs' ownership of their home situated on the leased premises, as against the claims of the seizing creditors or of the purchasers at the sheriff's sale. For the seizure proceeding itself recognized, as to the seizing creditors, and gave notice of record as to the purchasers at the subsequent sheriff's sale, of the ownership of the home on the leased property as a distinct and separate property interest from any leasehold interest the plaintiff may have had pertaining to the land upon which his home was constructed. The home and other outbuildings were separately seized and described as belonging to the plaintiff Dillard Cloud and as situated on property leased from Humble, while by an entirely separate and subsequent seizure the judgment creditors seized Dillard Cloud's leasehold rights, if any, in the realty upon which his home stood.
The defendants-appellants' final contention, made in brief without supporting argument, is that the plaintiffs' homestead claim was decided adversely to him in the proceedings before the bankruptcy court, so that purchasers at the sheriff's sale had a right to rely upon the judgment of the bankruptcy court. The evidence reflects, however, that the bankruptcy court did not reject the plaintiffs' homestead claim, but merely relegated the parties to the state courts (in which the homestead property had been seized prior to the filing of the bankruptcy petition) for the determination *335 of the validity of the plaintiffs' homestead exemption.
For the foregoing reasons the judgment of the trial court annulling the sheriff's sale is affirmed. Defendant-appellants are taxed with the costs of this appeal.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.