FRUGÉ, Judge.
This is a suit by John Salem to be recognized as owner of or to recover the alleged value of a camp and its furnishings, both of which were allegedly unlawfully confiscated by Miss Betty Haggart, C. C. Weatherford and Mrs. Josette Weather-ford. From an adverse judgment, Salem has appealed.
The evidence shows that about twenty years ago John Salem, a Port Arthur businessman, orally leased a campsite from Robert C. Plaggart. Salem originally paid $25.00 per year for the campsite. This amount was later increased to $50.00 per year. Salem maintained an air-conditioned, well-furnished camp on the property, the value of which he alleges to have been $5,000.00. After Mr. Haggart died and Mrs. Haggart remarried, certain friction arose between the lessee and the lessors. In March of 1963 Salem sent his check for $50.00 to Mrs. Weatherford (the former Mrs. Haggart). Said check was returned and Salem was advised in a letter dated *284 March 11, 1963, that $50.00 per year was too cheap. Salem, contending that the rent was not actually due until July, took the letter to defendants’ attorney. Said attorney was on vacation at the time, but upon his return advised Salem, in a letter dated May 7, 1963, that the rent for year of January 1, 1963 through December 31, 1963, was $100.00 and that if same was not paid immediately, eviction proceedings would be instituted. Salem then discussed the matter with the Weatherfords and agreed to move his camp as soon as he could find a place. Salem began negotiating in an effort to either purchase or lease a campsite. In a letter postmarked June 20, 1963, Miss Betty Haggart (daughter of Robert C. Haggart) asked Salem if he had found a place to move and requested an answer to same.
On June 29, 1963 Salem (still contending that the lease year began in July — not January) wrote Miss Haggart that he was still looking for a place to move. Salem enclosed a check for $50.00, stating that he was paying the rent up to January 1, 1964, and expected a return of part of the rent if he moved before said date. In a letter dated July 16, 1963, defendants’ attorney advised Salem that the terms of his letter of June 29th were not acceptable and that Salem had to move not later than August 1, 1963. Defendants, through their attorney, proposed, alternatively, to reduce the rental to $50.00 for 1963 and keep Salem’s check, subject to a number of conditions, among which were the following:
“(1) The house and other belongings of yours (Salem’s) must be moved off the property not later than December 31, 1963.
“(2) Any improvements or personal belongings of yours (Salem’s) not moved off the property by December 31, 1963 become the property of Miss Haggart.” (emphasis supplied)
If Salem agreed to the alternative proposal, he was to sign a copy of the letter and return same to defendants’ attorney. On July 23, 1963 Salem advised defendants’ attorney, by letter, that he would accept the alternative proposal, subject to the following condition: “Should any unforeseen event occur to prevent me from moving by December 31, 1963, I agree to pay Miss-Haggart on the basis of $100.00 per year until I am able to move.” By letter dated July 25, 1963, Salem was advised by defendants’ attorney:
“It is Miss Haggart’s intention and desire that a definite, binding termination date be fixed for this rental agreement. She does not wish to rent the property for another year. Since the stipulation stated in your letter of July 23, 1963, could conceivably have the effect of extending this lease for another year or even longer, we must decline to accept the stipulation * * * “I am enclosing a copy of this letter and am again sending you a copy of our letter of July 16, 1963. Should you wish to agree to the original terms as stated in our letter of July 16, 1963, please sign and return to us the enclosed copy of that letter and the enclosed copy of this letter.”
Salem signed copies of both letters and returned same to defendants’ attorney.
On September 24, 1963, Salem acquired a four-acre tract of land in relatively close proximity to his camp. Salem then began negotiating for a right-of-way through which to move his camp to the newly acquired land. On November 5, 1963, Salem filed suit against Charles O. Noble, et ah (#59,806 of the docket of the 14th Judicial District Court, Parish of Calcasieu) for the right to use a private road in order to gain access to his property. Said suit was dismissed upon the sustaining of an exception of no cause of action. On February 4, 1964, Salem filed a suit against Betty Haggart, et al. (#60,642 on the docket of the 14th Judicial District Court, Parish of Calcasieu) for a right-of-way from his newly acquired property to the nearest public road. Said right-of-way was later *285 granted by defendants (who were the same as defendants herein).
In the meanwhile, Salem had been notified by letter dated January 3, 1964, that the camp and furnishings had become the property of Miss Haggart as per the agreement between the parties and that Salem was forbidden to enter any portion of the property upon which the camp was situated.
In the absence of an agreement to the contrary, the removal of the improvements from the campsite in question would be governed by LSA-C.C. Art. 2726, which provides :
“The lessee has a right to remove the improvements and additions which he has made to the thing let, provided he leaves it in the state in which he received it.
“But if these additions be made with lime and cement, the lessor may retain them, on paying a fair price.”
As stated by this court in Cloud v. Cloud, La.App. 3 Cir., 145 So.2d 331 (writs denied) :
“The tenant who constructs improvements upon the land of his landlord, as well as the third person possessor who constructs improvements on land owned by another (see LSA-C.C. Art. 508), have consistently been held to be the owner of the improvements constructed unless and until the owner of the land elects to exercise any right he may have to pay their fair value and retain the improvements (citations omitted).”
In the instant action the defendants contend and the trial court held that the improvements and personal belongings of Salem remaining upon the campsite after December 31, 1963, became the property of Miss Haggart in accordance with the agreement between the parties.
It is not seriously disputed that the letter of July 16, 1963 from defendants’ attorney to Salem (pertinent portion of which is quoted above) contemplated a forfeiture by Salem of all property not removed from the campsite by December 31, 1963. .Upon oral examination Salem stated that he was of the opinion that the alternative proposal set forth in said letter and accepted by Salem (who signed a copy of same indicating his acceptance) was subject to the further provision that if any unforeseen event occurred preventing Salem from moving by December 31, 1963, he would pay $100.00 per year until he was able to move. The testimony and evidence reveals no rational basis for said opinion. As noted above, by letter dated July 25, 1963, Salem was advised that Miss Haggart would not accept said provision.
Plaintiff-appellant further contends that to enforce the explicit terms of the agreement between the parties (forfeiture of Salem’s property) would lead to absurd consequences within the meaning of LSA-C.C. Art. 1945. While the consequences may be harsh, we cannot say that they are absurd. The courts of this State have consistently enforced lease agreements providing (contrary to LSA-C.C. Art. 2726) that all improvements placed upon the property during the term of the lease would become the property of the lessor. See Masset v. Beckler, 224 La. 1067, 71 So.2d 570; Larguier v. White, 29 La.Ann. 156; Talley v. Alexander, 10 La.Ann. 627; Miller v. Michoud, 11 Rob. 225. See also Schultz v. Texas & P. Ry. Co., 191 La. 624, 186 So. 49; Ross v. Zuntz, 36 La.Ann. 888; Tobias v. Schloss, La.App. 1 Cir., 6 La.App. 200; 51 C.J.S. Landlord and Tenant § 394(b), page 1134.
Considering the above jurisprudence and the very explicit terms of the agreement between the parties, we are of the opinion that when Salem failed to remove the same and its contents from the campsite by December 31, 1963, said camp and contents became the property of Miss Haggart. However, plaintiff-appellant contends that the defendants actively pre *286 vented him from moving by refusing to' grant a right-of-way. The evidence does' not support this contention. The suit' filed by Salem against the defendants herein in February, 1964, was for a right-of-way from the newly acquired property to the nearest public road. There is no evidence that defendants refused at any time to allow Salem to move the camp off their property.
For the above reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
Affirmed.