HEARD, Judge.
This is a suit by a lessee of land against his lessor to recover the value of a building erected on the land by lessee. On March 17, 1967 lessee, Bennie Bender, and lessor, Louisiana & Arkansas Railway Company (hereinafter referred to as Railway), entered into a lease agreement covering 24,-972 square feet of land in the downtown area of Shreveport. On this land was situated a metal warehouse building constructed by lessee, Bender. The lease agreement of March 17, 1967 was a continuation of a lease which had been in effect for thirty-five or forty years. The lease agreement was prepared by lessor Railway, introduced into evidence, and called for a rental of $187 per month payable semiannually in advance. Bender failed to pay the rental for March through August, nor did he pay the rental on September 1, 1967 for the next six months. On November 3, 1967 Railway sent a bill to Bender, then living in Maryland, in the amount of $2,289.50 for the unpaid rental. Bender received this letter but did not pay the rent. On November 6, 1967 Railway sent Bender a second letter asking for payment within fifteen days of receipt thereof or the company would cancel the lease. Bender received this letter on November 8, 1967 but did not reply thereto. On December 11, 1967 Railway sent Bender another letter which he received, stating in part that under the provisions of the lease, specifically clause 16, Bender’s improvements should have been removed from the premises and the grounds restored to their former state as of December 8, 1967 or the improvements would be forfeited to Railway. Clause 16 of the lease reads as follows :
"REMOVAL OF IMPROVEMENTS. —16. Upon the termination of this lease in any manner, the Lessee shall deliver to the Railway Company the possession of said premises, remove all the improvements placed thereon by the Lessee, and restore said premises to substantially their former state. Should the Lessee fail within thirty (30) days after the date of termination of this lease, to make such removal or restoration, then the Railway Company may, at its election, either re *851 move said improvements and restore said premises to substantially their former state at the sole cost of the Lessee, or may take and hold the said improvements as its sole property.”
Bender did not respond to the letter of December 11, 1967. Railway subsequently took over the warehouse building and converted it to its own use. Bender filed suit against Railway for $25,000, the alleged value of the building. Railway reconvened against Bender for $1,683 in rentals. The trial court rendered judgment rejecting Bender’s demand and awarded Railway $1,683. Bender perfected a devolutive appeal.
LSA-C.C. Art. 1945 provides:
“Legal agreements having the effects of law upon the parties, none but the parties can abrogate or modify them. Upon this principle are established the following rules:
Hi íjí 5{C ‡ ‡ H*
“Second — That courts are bound to give legal effect to all such contracts according to the true intent of all the parties;
“Third — That the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences; -* *
There is no dispute that the lease agreement between these two parties was consented to by both. Bender argues that clause 16 of the contract is ambiguous and should be construed in his favor since Railway prepared the contract. He further argues that the law does not favor forfeitures of property. Bender asserts that since the phrase in clause 16 “ * * * may take and hold the said improvements as its sole property” is ambiguous, the court should read it with LSA-C.C. Art. 2726 which would govern in the absence of a contrary provision in the lease. LSA-C.C. Art. 2726 provides:
“The lessee has a right to remove the improvements and additions which he has made to the thing let, provided he leaves it in the state in which he received it.
“But if these additions be made with lime and cement, the lessor may retain them, on paying a fair price.”
Bender would have this court lift the last clause of LSA-C.C. Art. 2726 “ * * * on paying a fair price” and insert it at the end of clause 16 of the lease contract. This would certainly render clause 16 unambiguous, but we do not believe clause 16 is ambiguous as it presently reads. While clause 16 does not use the word “forfeiture”, that is what is clearly implied in the phrase “ * * * may take and hold the said improvements as its sole property.” Bender further asserts that forfeitures are not favored and should be strictly construed. We agree the jurisprudence is to this effect. Schultz v. Texas & Pacific Railway Company, 191 La. 624, 186 So. 49 (1938); Hebert v. Woodruff’s Insurance Company, La.App., 19 So.2d 290 (1st Cir. 1944); Morris v. Sovereign Camp, W.O.W., La.App., 9 So.2d 835 (1st Cir. 1942). However, the fact that forfeitures are not favored in our law does not mean that contractual provisions calling for forfeitures are to be ignored. In a similar case the Court of Appeal, Third Circuit, upheld a forfeiture of the lessee’s camp because of failure to remove it within a contractually set date. The lessee argued in that case, as Bender argues here, that to enforce the explicit terms of the agreement between the parties would lead to absurd consequences within the meaning of LSA-C.C. Art. 1945. The court in Salem v. Haggart, La.App., 189 So.2d 283 (3d Cir. 1966) replied:
“While the consequences may be harsh, we cannot say that they are absurd.” [189 So.2d 283, 285].
It should be kept in mind in this case that Railway is seeking no narrow, technical advantage over Bender. Railway allowed Bender nine months to pay the rent before it moved to cancel the lease. Ben *852 der was given notice of the intent to cancel the lease, calling his attention to clause 16 thereof and did nothing in response thereto.
The trial judge awarded Railway $1,683 which was demanded for rentals due on the property. Bender admitted he owed rent in excess of this amount. In light of this admission this award seems to be correct.
For the reasons assigned, the judgment of the trial court is affirmed. Costs are to be borne by appellant.